[No. 7366.]

LILYLANDS CANAL AND RESERVOIR CO. v. WOOD.

1. PRINCIPAL AND AGENT—*Agents' Authority—Burden of Proof*—Plaintiff seeking to charge defendant with liability for the acts or promises of a third person must prove that the latter was the agent of defendant, with authority to do or say, in his name, what is charged.

2. ——*Evidence of Agents' Authority*—Defendant let a contract in writing to Wood Bros., agreeing to advance "not exceeding" a certain sum per mile, "as required by C. A. Wood." *Held*, the contract measured the authority, and one suing upon a time-check drawn by C. A. Wood upon the defendant, must show that it was within the prescribed limit.

Instructions by defendant to Wood to draw orders upon it, given previous to the execution of the written contract, and while the work was proceeding under verbal authority, were no authority for like action, subsequent to the execution of the contract in writing.

3. CONTRACTS—*Construction—Acceptance of an Order or Draft*—An account against defendant was presented, with subjoined, a direction to credit the amount to Wood Bros. Defendant assented to the request and gave the credit. *Held*, this was no promise to pay upon a similar order, another account for a larger amount, though it included some of the items set down in the first.

*Error to Montrose County Court.*—Hon. H. W. HANES, Judge.

Messrs. SHERMAN, MONIHAN & SHERMAN, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

Lucy F. Wood, as plaintiff, recovered a judgment in the trial court against The Lilylands Canal and Reservoir Com-

pany, a corporation, and the latter brings the case here for review. The suit is based upon what purports to be two time checks of the defendant company, issued by C. A. Wood of Wood Brothers, to R. J. Whale or order, and an alleged claim or account against the defendant in favor of Wood Brothers, all of which were assigned to the plaintiff.

Wood Brothers, who were sons of the plaintiff, had a contract with the defendant for the construction of an irrigating ditch, and the items of the account in question were, according to the evidence in behalf of plaintiff, for work not included within the terms of the contract, and constituted an independent indebtedness of the company, while the evidence of defendant was to the effect that the items were included within the contract and that Wood Brothers were indebted to defendant in a sum largely in excess of the amount claimed.

The undisputed evidence disclosed that an unsettled account existed between the company and Wood Brothers relative to the construction of the irrigating ditch, and a suit was then pending in the district court between the parties concerning the same.

In order for plaintiff to recover upon the time checks, it was essential that the authority of C. A. Wood to issue the same, or the acceptance thereof by the company, be established, which we think was not done. It is true that evidence was offered and received to the effect that at one time the president of the company had instructed Wood Brothers to draw orders upon the company, and promised that they would be paid. This, however, was prior to a written contract between the parties relative to the construction of the ditch, and at a time when the work thereon was being prosecuted under a verbal agreement. Thereafter a written contract was entered into covering the construction of the ditch, whereby it was agreed that the company would pay a certain sum per yard for all ditch completed by a certain date, by crediting the amount thereof to C. A. Wood, who was indebted to the company for water stock, "except such amounts not exceeding

$150.00 per mile, which the company will advance as required by C. A. Wood either in cash or supplies." This measures the authority of C. A. Wood or Wood Brothers to draw valid orders upon the defendant company, and it was necessary, before plaintiff could recover on the orders in question, that she show that such orders were within the limit authorized. There was no evidence to that effect, but ample evidence, as hereinbefore stated, that Wood Brothers were at the time largely indebted to defendant.

The record fails to show that defendant accepted or agreed to pay the account in favor of Wood Brothers assigned to plaintiff. It does show that an account in a sum much less than the one in question, was presented having a written request thereon to credit the same to the account of Wood Brothers, and was accepted and the credit entered upon the books. Thereafter the plaintiff withdrew such orders and subsequently presented the one in question.

Clearly, under these circumstances, the defendant can not be held to have accepted the account in suit, though it contains some of the items included in the former account. It is in no sense the same. Moreover, an agreement to pay to, or credit the account of one person can not constitute an agreement to pay another person.

The judgment is reversed.,          *Judgment Reversed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE BAILEY concur.